IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Lamont Brunson, | ) | Civil Action No. 4:09-70118 |
| | ) | Criminal Action No. 4:06-343 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the pro se Petitioner Derrick Lamont Brunson's (hereinafter "Brunson" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute a quantity of cocaine base, a quantity of cocaine and a quantity of marijuana. As the record reflects, on March 29, 2006, a federal Grand Jury returned an Indictment which charged the Defendant with three counts of criminal conduct. Count 1 charged the Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Count 2 charged Petitioner with possession with intent to distribute a quantity of cocaine base, a quantity of cocaine and a quantity of marijuana in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C) and (b)(1)(D). Count 3 charged Petitioner with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On October 30, 2006, the Defendant entered into an amended written plea agreement with the

1

Government. On that same date, the Petitioner pled guilty to Counts 1 and 2 of the indictment. Petitioner was sentenced on September 18, 2007, to a total term of imprisonment of two hundred forty (240) months of imprisonment (consisting of 240 months as to each of Counts 1 and 2, to run concurrently), followed by a 6 year term of supervised release (consisting of 5 years as to Count 1 and 6 years as to Count, to run concurrently). Judgment was entered in the case on October 16, 2007.

Petitioner filed a Notice of Appeal on October 17, 2007. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and although counsel concluded that there were no meritorious questions for appeal, counsel questioned whether the Fed. R. Crim. P. 11 hearing was sufficient, whether the firearm statute exceeded Congress's authority under the Commerce Clause; and whether the District Court erred in finding that Defendant's predicate convictions were violent offenses, even though Defendant's plea agreements for those convictions designated the offenses as non-violent. Defendant filed a pro se supplemental brief raising two additional claims: whether the firearm statute violated the Second Amendment and whether the predicate convictions needed to be proved beyond a reasonable doubt. On September 11, 2008, the Fourth Circuit Court of Appeals issued an opinion affirming the Petitioner's conviction and sentence. See United States v. Brunson, No. 07-4962 (4th Cir. 2008) (per curiam) (unpublished). Specifically, with regards to Petitioner's argument that the firearm statute exceeded Congress's authority under the Commerce Clause, the Fourth Circuit indicated as follows:

> Brunson asserts that the firearm statute under which he was convicted, 18 U.S.C. § 922(g)(1) (2000), exceeded Congress's authority under the Commerce Clause and violated the Second Amendment. We have previously considered and rejected a similar Commerce Clause challenge in United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996). Regarding the Second Amendment, the Supreme Court has recently upheld the "longstanding prohibition on the possession of firearms by felons." District of Columbia v. Heller, 128 S. Ct. 2783,

2

2816-17 (2008) (examining the Second Amendment). Accordingly, Brunson's constitutional challenges to the firearm statute are meritless.

With regards to Petitioner's argument that his predicate convictions needed to be proved beyond a reasonable doubt, the Fourth Circuit indicated as follows:

> Brunson contends that he should not have been sentenced as an Armed Career Criminal because his prior convictions were not proved beyond a reasonable doubt. However, this argument fails under controlling precedent. See United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005) (holding that where facts are inherent in the convictions themselves, "[n]o finding of fact by a jury is necessary"); see also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005) (holding that prior convictions used as the basis for an Armed Career Criminal sentence need not be charged in indictment or proven beyond a reasonable doubt).

The Fourth Circuit issued its mandate on November 18, 2008.

Petitioner filed the present action to vacate his conviction pursuant to 28 U.S.C. § 2255 on November 9, 2009, alleging two grounds for relief. (Doc. #86). The United States of America ("Government") filed its response to Petitioner's motion relief under 28 U.S.C. § 2255 and motion for summary judgment on March 30, 2010. (Docs. # 99 & # 100). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed April 5, 2010 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #101). On May 19, 2010, the Petitioner filed a reply to the Government's motion for summary judgment. (Doc. #106).[1] This matter is now ready for disposition.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file

---

[1] The Court notes that on May 19, 2010 Petitioner also filed a Motion to enlarge time to file material/response opposing Government's request for summary judgment, in which he requested an additional 15 day time enlargement due to the Institution where he was housed being on "lock-down status." This motion was granted. However, no additional documents have been filed.

3

a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)(quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The Government filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 99 & # 100). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking

4

summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION AND ANALYSIS

The Petitioner has filed this action asserting the following claims (set forth verbatim):

1. Federal government imposed punishment under 924(c) and Career Offender status for acts and factors in violation of the 5th and 6th Amendment.

2. The Federal firearm statute § 922(g) exceeds Congress's authority through means of the Commerce Clause.

5

With regards to both of Petitioner's claims (1) that his sentence was unconstitutionally enhanced based on facts not found by a jury; and (2) that his conviction under 18 U.S.C. § 922(g) is invalid because Congress lacked the authority under the Commerce Clause to enact this statute, the Government asserts that the Fourth Circuit has previously rejected each of these claims by Petitioner, such that he is barred from reasserting these claims on collateral attack. The Government relies on the case of Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.1976).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cert denied, 429 U.S. 863 (1976). An exception occurs where there has been an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974). In Boeckenhaupt, the Fourth Circuit has held that those claims that were decided on direct appeal may not be asserted again in collateral proceedings. Id. (explaining that defendant cannot relitigate issues previously rejected on direct appeal); U.S. v. Liverman, 1999 WL 476464, *1 (4th Cir. 1999)(noting that where a petitioner fully and fairly litigated on direct appeal whether his plea was entered knowingly and voluntarily, the issue would not be subject to collateral review). Accordingly, Petitioner cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See U.S. v. Huffstetler, 2006 WL 3007374 *1 (D. S.C. 2006). After careful review of the Fourth Circuit Court of Appeal's opinion in this case and specifically those portions quoted, supra, as well as the above-cited case law, the Court finds the Government's asserted position to be sufficiently persuasive and concludes that Petitioner cannot relitigate the issues raised herein on collateral review as they have already been decided by the Fourth Circuit.[2] Accordingly, the Government is entitled to summary judgment as

---

[2]The Court notes there has been no intervening change in the law as to either issue raised.

to both of the claims raised by Petitioner in his petition.[3]

## CONCLUSION

For all of the reasons cited above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Respondent's motion for summary judgment is **GRANTED** (Doc. # 99), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                          s/ Terry L. Wooten
                                        **TERRY L. WOOTEN**
                              **UNITED STATES DISTRICT COURT JUDGE**

July 22, 2010
Florence, South Carolina

---

[3]The Court notes that even if it were to examine the issue of whether Petitioner's sentence was unconstitutionally enhanced based on facts not found by a jury, it would be constrained to reach the same result as the Fourth Circuit Court of Appeals. There has been no intervening change in the law and the law remains that prior convictions are exempt from Apprendi's fact-finding requirement. See United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005). Similarly, even if the Court examined the issue asserted by Petitioner's that his conviction under 18 U.S.C. § 922(g) is invalid because Congress lacked the authority under the Commerce Clause to enact this statute, the Court would find this challenge to be without merit. See District of Columbia v. Heller, 128 S.Ct. 2783, 2816-17 (2008); United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996).